IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

WALTER MCGHEE, II,   )
                     )
     Plaintiff,      )
                     )
v.                   )    No. 14-2369-T
                     )
COMMISSIONER OF      )
SOCIAL SECURITY,     )
                     )
     Defendant.      )

## ORDER AFFIRMING DECISION OF COMMISSIONER

Plaintiff, *pro se*, has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his applications for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income ("SSI"). Plaintiff's applications were denied initially and upon reconsideration and then by order of an ALJ on December 6, 2010.

The Appeals Council remanded the case to the ALJ for further proceedings. On August 29, 2012, following a hearing, the ALJ issued another unfavorable decision. Plaintiff filed a complaint in federal court requesting review of the hearing decision. Subsequently, Plaintiff filed a request for review by the Appeals Council. On October 23, 2013, this court dismissed Plaintiff's complaint on the ground that he had not exhausted his administrative remedies. After reviewing additional evidence, the Appeals Council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff then filed this

action, requesting reversal of the decision of the Commissioner. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g), and whether the correct legal standards were applied. See Lindsley v. Commissioner, 560 F.3d 601, 604–08 (6th Cir. 2009); Kyle v. Commissioner, 609 F.3d 847, 854 (6th Cir. 2010).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. See Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). A reviewing court must defer to findings of fact by an appeals council when those findings conflict with the factual findings of the ALJ. Id. at 545.

Plaintiff was born in 1973 and alleges that he became disabled on April 20, 2007. R. 205, 215. He alleges disability due to depression, nervousness, and insomnia, R. 205, headaches, backaches, stomachaches, and hearing problems. R. 219.

The ALJ enumerated the following findings: (1) Plaintiff met the disability insured status requirements through June 30, 2010; (2) Plaintiff did not engage in substantial gainful activity from April 20, 2007, until September 2009 and did not engage in substantial gainful activity after June 2010; (3) Plaintiff has the medically determinable impairment of congenital deformity of right ear; but it is not severe because it did not significantly limit his ability to perform basic work-related activities for at least twelve consecutive months; (4) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(a)(4); Howard v. Commissioner, 276 F.3d 235, 238 (6th Cir. 2002). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the second step with a finding that Plaintiff did not have a severe impairment, and, therefore, he was not disabled.[1]

The Act defines a disability as "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

---

[1] At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If an individual engages in substantial gainful activity, he is not disabled regardless of how severe his medical impairment(s) may be. In the present case, Plaintiff had earnings above the substantial gainful activity level between September 2009 and July 2010. R. 33, 155, 158-60, 163, 168. Plaintiff has not rebutted the presumption that he was engaged in substantial gainful activity based on earnings and, thus, cannot be found disabled during the period between September 2009 and July 2010. See Dinkel v. Secretary, 910 F.2d 315 (6th Cir. 1990) (A claimant has the burden of rebutting the presumption that he is engaged in substantial gainful activity based on earnings.)

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A medically determinable impairment is one that "results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms and laboratory findings, not only [the claimant's] statement of symptoms." 20 C.F.R. § 404.1508.

At step two, a claimant bears the initial burden of proof to demonstrate that he has a severe impairment which is an impairment or combination of impairments which significantly limit his physical or mental ability to perform basic work activities without regard to age, education, or work experience.[2] 20 C.F.R. §§ 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a) (2013). Thus, once the claimant has demonstrated a medically determinable impairment, he must show that his impairment also "significantly limits" his ability to perform work-related activities. See 20 C.F.R. § 404.1521.

The severity requirement is used to screen out claims that are medically groundless. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("[T]his appeal presents the exceptional 'totally groundless' claim properly dismissed on the medical evidence alone. There is nothing in the objective medical record credibly suggesting that Mrs. Higgs was significantly affected by any of her impairments on or before June 30, 1979.") An impairment is not severe if it

---

[2] Basic work activities encompass the abilities and aptitudes necessary to perform most jobs, such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, performing, and remembering simple instructions; using judgment; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work situation. 20 C.F.R. §§ 404.1521, 416.921.

is a " 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.' " Farris v. Secretary, 773 F.2d 85, 90 (6th Cir. 1985) (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984)). Accordingly, if an impairment or combination of impairments would have no more than a minimal effect on a claimant's ability to work, the sequential evaluation process is terminated at step two. Id.; see also Henderson v. Sullivan, 930 F.2d 19 (8th Cir. 1991).

The Court of Appeals discussed Higgs in Long v. Apfel, 1 Fed.Appx. 326 (6th Cir. 2001).

> In Higgs v. Bowen, this court declared that 'an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.' Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988). The Higgs court observed that 'this lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis.' Id. But the court also recognized that 'Congress has approved the threshold dismissal of claims obviously lacking medical merit....' Id. That is, 'the severity requirement may still be employed as an administrative convenience to screen out claims that are "totally groundless" solely from a medical standpoint.' Id. at 863. Indeed, the Higgs court approved of that practice; it affirmed dismissal because the record contained no objective medical evidence to support Ms. Higgs's claims of severe impairment. Particularly relevant to the case at bar, the Higgs court observed. 'The mere diagnosis of [an ailment], of course, says nothing about the severity of the condition.' Id. When doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, this court has regularly found substantial evidence to support a finding of no severe impairment. See, e.g., id. (citing cases).
>
> Caselaw since Higgs confirms this circuit's practice in that respect. Compare Maloney v. Apfel, 211 F.3d 1269 (table), No. 99-3081, 2000 WL 420700 at

(6th Cir.2000) (per curiam) (finding substantial evidence to support denial when record indicated claimant showed symptoms and was diagnosed with disorder but did not contain evidence of a disabling impairment that would prevent work); and Foster v. Secretary of Health & Human Svcs., 899 F.2d 1221 (table). No. 88-1644, 1990 WL 41835 at *2 (6th Cir.1990) (per curiam) (finding substantial evidence to support denial when the claimant produced no evidence regarding the frequency, intensity, and duration of arthritic pain; the record indicated that he was no more than slightly or minimally impaired); with Burton v. Apfel, 208 F.3d 212 (table), No. 98- 4198. 2000 WL 125853 at *3 (6th Cir.2000) (reversing finding of no severe impairment because record contained diagnoses and remarks from a number of treating physicians and psychologists to the effect that claimant was 'unable to work ... due to the complexity of her health problems' (quoting physician)); and Childrey v. Chater, 91 F.3d 143 (table). No. 95-1353, 1996 WL 420265 at *2 (6th Cir.1996) (per curiam) (reversing finding of no severe impairment because record contained an assessment by a consulting physician reflecting a variety of mental problems that left her ''not yet able to really care for herself alone, reports of two other physicians corroborating this, consistent testimony from the claimant, and no medical evidence to the contrary (quoting physician)).

The court in Long upheld the decision of the Commissioner because the record did "not contain a single statement by a treating physician indicating that Long's health problems result in any specific work-impairing limitations." 1 Fed.Appx. at 332.

The ALJ here, as in Long, concluded that Plaintiff had failed to establish that his medically determinable impairment was severe because the evidence failed to show any significant limitation in his ability to perform basic work-related activities.

Plaintiff has not cited any medical evidence showing work-related limitations. Moreover, none of Plaintiff's doctors opined that Plaintiff had work-related limitations during the period under consideration. Because Plaintiff has pointed to no evidence showing any lasting or credible work-related restrictions during the relevant period, substantial evidence supports the ALJ's decision, and the decision must be affirmed.

Plaintiff alleges that he was "treated indifferently because he chose to represent himself in a disability claim without entertaining a drug test request" Pl.'s Br. at 1. When alleging bias, Plaintiff must show evidence of the bias, not merely speculation or inference. See Karnofel v. Commissioner, 518 Fed.Appx. 455, 455-56 (6th Cir. 2013) (citing Navistar Int'l Corp. v. EPA, 941 F.3d 1339, 1360 (6th Cir. 1991) ("[A]ny alleged prejudice on the part of the decisionmaker must be evidence from the record and cannot be based on speculation or inference.")). Plaintiff has provided no evidence to support his assertion of bias, and, therefore, his argument is without merit.

Plaintiff also alleges that the ALJ was negligent for failing to send him to an audiologist to test his hearing. There is no evidence that Plaintiff requested an examination prior to the ALJ's decision, nor is there any showing that the ALJ was unable to ascertain Plaintiff's capacity for hearing based on the evidence in the record. When the record contains a sufficient amount of evidence pertaining to an impairment, an ALJ does not abuse his discretion by declining to obtain an additional assessment. See Culp v. Commissioner, 529 Fed.Appx. 750, 751 (6th Cir. 2013) ("Given that the record contained a considerable amount of evidence pertaining to Culp's mental limitations and that Dr. Douglass had completed a mental RFC assessment in March 2008, the ALJ did not abuse her discretion by declining to obtain an additional assessment.").

Plaintiff submitted additional evidence to the Appeals Council consisting of appointment cards with various clinicians and pharmacy records showing that he received refills of medication throughout the alleged period of disability. R. 4-5, 258-300, 425-39.

When the Appeals Council considers new evidence but declines the request for review, the district court may not consider the new evidence when determining whether to uphold, modify, or reverse the decision but, instead, can remand if the evidence was: (1) new, (2) material, and (3) good cause was shown for not submitting it to the ALJ. See Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). Here, the evidence presented by Plaintiff is neither new nor material, and Plaintiff has not made any showing of good cause for why it was not submitted prior to the date of the ALJ's decision.

The decision of the Commissioner is AFFIRMED, and the clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE